IN RE: EPIPEN (EPINEPHRINE IN-
JECTION, USP) EMPLOYEE RE-
TIREMENT INCOME SECURITY
ACT (ERISA) LITIGATION

MDL No. 2802

United States Judicial Panel on
Multidistrict Litigation.

December 5, 2017

Before SARAH S. VANCE, CHAIR,
MARJORIE O. RENDELL, CHARLES
R. BREYER, R. DAVID PROCTOR,
CATHERINE D. PERRY, Judges of the
Panel.

## ORDER DENYING TRANSFER

SARAH S. VANCE, Chair

**Before the Panel:\*** Plaintiffs in the
*Klein* action listed on Schedule A move
under 28 U.S.C. § 1407 to centralize pre-
trial proceedings in this litigation in the
District of Minnesota. This litigation con-
sists of two actions—the *Brannon* action
pending in the District of Kansas and the
*Klein* action pending in the District of
Minnesota—as listed on Schedule A.[1] All

---

\* Judges Lewis A. Kaplan and Ellen Segal Hu-
velle took no part in the decision of this
matter. Additionally, one or more Panel mem-
bers who could be members of the putative
classes in this litigation have renounced their
participation in these classes and have partic-
ipated in this decision.

1. The Panel has been notified of a potentially
related action pending in the District of
Minnesota. Plaintiff in this action is repre-
sented by the same counsel as plaintiffs in the
*Klein* action.

2. Although these defendants filed a consoli-
dated opposition to the motion for centraliza-
tion, some of the defendants indicated differ-
ent alternative positions with respect to the
transferee forum in their Notices of Presenta-
tion of Oral Argument. The CVS Defendants
(CVS Health Corporation, Caremark, LLC,
Caremark Rx, LLC, and CaremarkPCS
Health, LLC) alternatively support the District

responding parties oppose centralization.
These include: (1) all defendants in the
*Brannon* and *Klein* actions;[2] (2) the *Bran-
non* plaintiffs; and (3) MDL No. 2785 de-
fendants Mylan Inc., Mylan N.V., Mylan
Pharmaceuticals Inc., and Mylan Specialty
L.P. (collectively, Mylan).[3] The *Brannon*
plaintiffs alternatively suggest the District
of Kansas as the transferee forum for this
litigation.

On the basis of the papers filed and the
hearing session held, we conclude that cen-
tralization is not necessary for the conven-
ience of the parties and witnesses or to
further the just and efficient conduct of
the litigation. These actions share common
factual questions relating to allegations
that defendants, all of which are pharmacy
benefit managers (PBMs), breached their
fiduciary duty and conducted prohibited
transactions under the Employee Retire-
ment Income Security Act (ERISA) when
they negotiated enhanced rebates from
Mylan in exchange for favorable placement
of its EpiPen products on their formular-
ies. The parties are in general agreement
that *Brannon* and *Klein* should proceed in
a coordinated or consolidated fashion. The

of Kansas as the transferee district should the
Panel centralize this litigation. Defendant
Prime Therapeutics, LLC, in contrast, alterna-
tively suggests centralization in the District of
Minnesota. The other defendants (Express
Scripts Holding Company, Express Scripts,
Inc., Medco Health Solutions, Inc., United-
Health Group, Inc., and OptumRx, Inc.) do
not suggest a transferee forum in the alterna-
tive.

3. MDL No. 2785 involves allegations of anti-
competitive conduct or unfair methods of
competition by Mylan with respect to the Epi-
Pen, a spring-loaded injector marketed by My-
lan that delivers a pre-measured and pre-
loaded amount of epinephrine for the emer-
gency treatment of anaphylaxis. *See In re Epi-
Pen (Epinephrine Injection, USP) Mktg., Sales
Practices & Antitrust Litig.*, MDL No. 2785,
268 F.Supp.3d 1356, 2017 WL 3297989
(J.P.M.L. Aug. 3, 2017).

opposing defendants, however, argue that alternatives such as transfer pursuant to 28 U.S.C. § 1404(a) or informal coordination of discovery are preferable to centralization under Section 1407. We agree.[4]

Our past decisions make clear that "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L. 2011). Plaintiffs in *Klein*, in addition to filing the present motion for centralization, have filed a motion in *Klein* seeking to enjoin prosecution of the *Brannon* action pursuant to the first-to-file doctrine. Defendants in *Brannon* have moved to transfer that action to the District of Minnesota pursuant to the first-to-file doctrine or Section 1404(a). Either motion would eliminate the multidistrict character of this litigation. The transfer motion (if deemed appropriate by the transferor court) would allow for a consolidated trial of both actions. *See In re Gerber Probiotic Prods. Mktg. & Sales Practices Litig.*, 899 F.Supp.2d 1378, 1380 (J.P.M.L. 2012) (noting that "transfer under Section 1404(a)—where appropriate—can result in a more streamlined action, without the procedural necessity of remand to the transferor court that is required under Section 1407" and "allows for the possibility of consolidation of actions for trial, which potentially avoids the increased costs associated with multiple trials after the Panel remands actions to the various transferor courts once pretrial proceedings are concluded"). As there exists a "reasonable prospect" that these pending motions will moot the multidistrict character of this litigation, centralization is

not warranted. *In re Truvia Natural Sweetener Mktg. & Sales Practices Litig.*, 996 F.Supp.2d 1377, 1378 (J.P.M.L. 2014) (denying centralization where pending transfer motions could eliminate the multidistrict character of the litigation).

Additionally, this litigation involves only two actions. If the multidistrict character of this litigation cannot be eliminated through the motions now pending in *Brannon* and *Klein*, voluntary cooperation and coordination among the parties and the involved courts should be feasible with respect to common discovery and pretrial proceedings. *See, e.g., In re Eli Lilly & Co. (Cephalexin Monohydrate) Patent Litig.*, 446 F.Supp. 242, 244 (J.P.M.L. 1978); *see also* Manual for Complex Litigation, Fourth, § 20.14 (2004). At oral argument, both plaintiffs and defendants agreed that they will cooperate with one another to coordinate any potentially duplicative discovery.

IT IS THEREFORE ORDERED that the motion for centralization of these actions is denied.

## SCHEDULE A

MDL No. 2802 — IN RE: EPIPEN (EPINEPHRINE INJECTION, USP) EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION

District of Kansas

BRANNON, ET AL. v. EXPRESS SCRIPTS HOLDING COMPANY, ET AL., C.A. No. 2:17–02497

---

4. The *Brannon* plaintiffs argue that centralization should be denied because *Klein* is more properly transferred as a potential tag-along action to MDL No. 2785, which is proceeding in the District of Kansas. We do not agree and, for the reasons stated in an order issued concurrently with this one, we vacate the order that conditionally transferred *Klein* to MDL No. 2785. *See* Order Vacating Conditional Transfer Order, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, MDL No. 2785, 2017 WL 6031755 (J.P.M.L. Dec. 5, 2017).

District of Minnesota

KLEIN, ET AL. v. PRIME THERA-
PEUTICS, LLC, ET AL., C.A. No.
0:17–01884